IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED
USDC, CLERK, CHARLESTON. SC

2013 OCT 21  P 1: 19

| | |
|---|---|
| Kevin Backus, | ) |
| Plaintiff, | ) |
| v. | ) |
| Head Supervisor Jackie McGee f/k/a Wayne McGee. | ) |
| Defendant. | ) |

No. 2:12-cv-3418-RMG

ORDER

This matter comes before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that this case be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Dkt. No. 36). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

**Background**

Plaintiff Kevin Backus ("Plaintiff"), a self-represented prisoner, filed this action seeking relief pursuant to 42 U.S.C. § 1983. (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC, this case was automatically referred to a Magistrate Judge for pretrial proceedings. On December 13, 2012, the Magistrate Judge issued an order directing Plaintiff to keep the Clerk of Court advised in writing of any address changes and advised that failure to comply with the order could cause the case to be dismissed. (Dkt. No. 8). On June 19, 2013, Defendant filed a motion for summary judgment. (Dkt. No. 27). The Magistrate Judge then advised Plaintiff of the summary judgment procedure and the possible consequences if he failed to respond adequately. (Dkt. No. 28). When Plaintiff did not file a timely response, the Magistrate Judge issued an order granting Plaintiff additional time to respond and warning him

1

that another failure to respond would result in dismissal of his case. (Dkt. No. 33). Plaintiff again failed to respond. The Magistrate Judge then entered an R&R recommending that the Court dismiss this action for failure to prosecute. (Dkt. No. 36).[1] Plaintiff failed to file timely objections to the R&R.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in party, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Discussion

The Court finds the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and adopts the R&R as the order of the Court. Because of Plaintiff's failure to comply with the Court's orders and his failure to respond to Defendant's Motion for Summary Judgment, Plaintiff's claim should be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

---

[1] The Clerk's office mailed the R&R to both the Florence County Detention Center and the Kershaw Correctional Institution because its independent research into Plaintiff's location revealed he had been transferred from Florence to Kershaw. (Dkt. No. 37). Plaintiff, however, has never filed a notice of change of address as required by the Court's order.

**Conclusion**

After reviewing the record and the R&R, the Court finds the Magistrate Judge applied sound legal principles to the facts of this case and therefore adopts the R&R as the Order of the Court. (Dkt. No. 36). Accordingly, the Court DISMISSES this action with prejudice.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 2**, 2013
Charleston, South Carolina